MICHAEL C. FALLON, SBN 088313
MICHAEL C. FALLON, JR., SBN 303082
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
mcfallon@fallonlaw.net
fallonmc@fallonlaw.net

Attorneys for Janina Hoskins
           Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 23-41275 WJL |
| HL Fairview LLC<br>IDN: 81-1418153 | Chapter 7 |
| Debtor.<br>_____/ | MOTION FOR AUTHORITY TO SELL REAL PROPERTY; DECLARATION OF JANINA HOSKINS |

  Janina Hoskins ("Hoskins"), chapter trustee for the estate of HL Fairview, LLC, hereby moves for authority to sell the real property pursuant to 11USC § 363(b).

SUMMARY OF RELIEF REQUESTED

  1. This Motion seeks authority to sell the real property commonly known as 24830 Avenue, Hayward, County of Alameda, State of California Alameda County (Assessor's Parcel Numbers 417-0270-006, 417-0270-003, 417-0260-004, and 417-0270-009, comprising approximately 14.3 Acres)(the "Property"). Property is more particularly described in Exhibit A attached hereto.

JURISDICTION AND VENUE

  2. On October 2, 2023, an order for relief under Chapter 7 of Title 11 of the United States Code was entered herein, and Janina Hoskins was duly-appointed as the Chapter Trustee of the Debtor's estate.

1

3. This Court has subject matter This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C .§§ 1334(b) and 157(b)(2)(A), (M), and (O), 11 U.S.C. § 363. Venue is proper here pursuant to the provisions of 28 U.S.C. § 1409.

## THE SALE

A. <u>Terms of Sale</u>

Hoskins has accepted an offer to purchase the Property from Prithpal Kaur Athwal ("Buyer") at the sale price of $2,700,000, all cash. A true and correct copy of the Real Estate Purchase Contract and Counter Offer is attached hereto.

B. <u>Encumbrances</u>.

The Property is encumbered with the following liens that are to be paid directly out of escrow:

1. Property taxes, which are a lien but not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2023-2024.

2. Declared tax default for 2022-2023
   Amount: $21,895.51 for October 31, 2023
   Amount: $22,178.32 for November 30, 2023

3. The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A or as a result of changes in ownership or new construction occurring prior to Date of Policy.

4. A Deed of Trust to secure an indebtedness in the amount shown below:

   Dated:         March 18, 2020
   Amount:        $800,000
   Trustor:       HL Fairview LLC, a California limited liability company
   Trustee:       PHP Funding
   Beneficiary:   Richard Dong Chao as to an undivided 200,000.00/800,000.00 interest; Lina Wu as to an undivided 100,000.00/800,000.00 interest; Jenny Ma as to an undivided 100,000.00/800,000.00 interest; Yu Xiao as to an undivided 100,000.00/800,000.00 interest; Le Zhang a to an undivided 100,000.00/800,000.00 interest; Hao Liu as to an undivided 100,000.00/800,000.00 interest; and

```
                              Huimin Gao as to an undivided 100,000.00/800,000.00
                              interest
        Recorded:             March 25, 2020
        Instrument No.        2020068662 of Official Records

5.  A deed of trust to secure an indebtedness in the amount shown below,

        Amount:           $700,000.00
        Dated:            April 8, 2021
        Trustor:          HL Fairview LLC, a California limited liability company
        Trustee:          PHP Funding
        Beneficiary:      Flying Star Consultant Company LLC, a California limited
                          liability company as to an undivided 200,000.00/700,000.00
                          interest; 65 Capital LLC, a California limited liability company as
                          to an undivided 100,000.00/700,000.00 interest; Lina Wu as to an
                          undivided 100,000.00/700,000.00 interest; Yan Wang as to an
                          undivided 100,000.00/700,000.00 interest; HHH Property Group
                          LLC, a Delaware limited liability company as to an undivided
                          100,000.00/700,000.00 interest; and Chia-Yu Kathie Chang as to
                          an undivided 100,000.00/700,000.00 interest
        Loan No.:         04052021
        Recording:        April 16, 2021
        Recording:        2021151799, of Official Records

6.  A deed of trust to secure an indebtedness in the amount shown below

        Amount:           $400,000.00
        Dated:            September 21, 2022
        Trustor:          HL Fairview LLC, a California Limited Liability Company
        Trustee:          Financial Title Company, a California Corporation
        Beneficiary:      Fenping Wang, an unmarried woman, David Reichard, a single
                          man
        Recording:        September 27, 2022
        Recording:        2022163406, of Official Records
```

C. <u>Real Estate Commissions</u>

Hoskins has employed Nathan Genovese with Re/Max Gold and Danielle Keil of Keller Williams as Real Estate as Broker for the sale of the Property. The estate's agreement with Genovese and Keil is that they are to be paid a commission equal to 2.5% of the sale price received for the Property to be paid at the close of escrow, with a commission equal to 2.5% of the sale price received for the Property to go to the buyers' real estate broker also to be paid at the close of escrow. Inizio Realty, Inc. is the agent for Buyer.

D. The Buyer

Buyer have not had any connections with Hoskins, Debtor, its creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. It can be fairly concluded the Buyers are good faith purchasers who should be afforded the protection of Section 363(m).

DISCUSSION

11 U.S.C. Section 363(b) authorizes the Trustee to sell property of the Estate outside the ordinary course of business after notice and hearing. Pursuant to FRBP 6004(f)(1), this sale may be conducted by either private sale or public auction. "The court's obligation in Section 363(b) sales is to assure that optimal value is realized by the estate under the circumstances. The requirement of a notice and a hearing operates to provide both a means of objecting and a method for attracting interest by prospective purchasers. Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entitled in the analysis or where there is no objection..." In re Lahijani, 325 BR 282, 288-289 (9th Cir. BAP 2005).

The Property that has been on the market for a number of years is the only asset in the estate and therefore it is the only potential source of recovery for the unsecured creditors. Although the trustee has not received a final demand from the three trust deed holders, the trustee's preliminary estimate is that the estate should realize close to $100,000 after the payment of the property taxes, the three deeds of trust, costs of sale and the tax due the State of California upon sale. The Trustee submits that it is a sound exercise of her business judgment to include a sale of the Property Debtor had listed for sale for many months prior to its chapter 7 filing[1].

//

---

[1] Notice of this Motion provides an opportunity to overbid.

WHEREFORE, Hoskins prays for an order:

1. Authorizing Hoskins to sell the Property on the terms set forth above;

2. Authorizing Hoskins to pay directly from escrow the taxes due the County of Alameda, the three deeds of trust, the ordinary and necessary costs of sale, including real estate commissions.

3. To pay the excess sale proceeds to Hoskins;

4. For a finding, pursuant to 11 USC § 363(m), that Buyers are good faith purchasers.

5. Such other and further relief as the court deems proper.

Dated:  February 16, 2024  /s/ *Michael C. Fallon*

Michael C. Fallon
Attorney for Janina Hoskins, Trustee

DECLARATION OF JANINA HOSKINS
IN SUPPORT OF MOTION FOR AUTHORITY TO SELL
REAL PROPERTY

I, Janina Hoskins, declare that I am the chapter trustee for the estate of HL Fairview, LLC, that I have personal knowledge of the matters herein and if called as a witness in these proceedings I could and would testify as follows:

On behalf of the estate I employed Nathan Genovese with Keller Williams Realty Re/Max Gold as Real Estate as Broker for the sale of the Property. After his review of the market Nathan Genovese advised me the listing price should be $3,500,000.  Nathan Genovese also told me that the Property had been listed for sale for many months prior to the chapter 7 filing.

A number of potential buyers showed interest in the Property, but only the Buyer

5

presented an offer to the estate. I countered the offer to arrive at the sale of $2,700,000.

The Property is the only asset in the estate and therefore it is the only potential source of recovery for the unsecured creditors. Although I have not received a final demand from the three trust deed holders, the trustee's preliminary estimate is that the estate should realize close to $100,000 after the payment of the property taxes, the three deeds of trust, costs of sale and the tax due the State of California upon sale. I believe the sale is in the best interest of the estate and should be approved.

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed by me on February 16, 2024, at Honolulu, Hawaii.

*Janina Hoskins*

_____
Janina Hoskins